UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REGINALD IVY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:23-CV-1588 RHH |
| ) | |
| AMERICASH LOANS LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Self-represented Plaintiff Reginald Ivy brings this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* The case is before the Court on Plaintiff's motion for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee. *See* 28 U.S.C. § 1915(a)(1). As Plaintiff is now proceeding *in forma pauperis*, the Court must review his complaint under 28 U.S.C. § 1915. Based on its review, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district

court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

**Plaintiff's Filings**

Plaintiff Reginald Ivy seeks relief under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, against Defendant AmeriCash Loans LLC. ECF No. 1 at 1. According to Plaintiff, in December 2022, he received several phone calls from Defendant in regard to a debt that Plaintiff allegedly owed. Plaintiff told the caller that he did not recall the alleged debt and he considered the calls a scam. Later in the month, Plaintiff was notified of a lawsuit pending against him, filed by Defendant in Missouri state court. *See Americash Loans of Mo. LLC v. Ivy*, No. 22SL-AC29241 (21st Jud. Cir. filed Dec. 13, 2022). Plaintiff attached

multiple exhibits from the state court case in support of his complaint.[1] Plaintiff received the state court summons in early January 2023. Soon after, Plaintiff filed a request in the state court case for "certain information that was used to solidify a loan agreement." ECF No. 1 at 1; *see also* ECF No. 1-3 at 4-5. Plaintiff states that Defendant failed to provide the documents requested. ECF No. 1 at 2. On January 30, 2023, Plaintiff filed a motion to dismiss in the state court action, alleging failure to prove the existence of an agreement and that the statute of limitations had run. *Id.*; *see also* ECF No. 1-3 at 6-8. Defendant's attorney voluntarily dismissed the pending state action in February 2023. *Id.* at 9.

In his instant FDCPA complaint, Plaintiff asserts that Defendant's action of filing the state court suit was "abuse and harassment" because Defendant was trying to "falsely collect fund[s]" from Plaintiff. According to Plaintiff, the state court action could have resulted in lost money for him if he had hired an attorney, paid out to settle a false debt, or allowed the court to garnish his wages. Plaintiff does not allege that any of these hypothetical results actually occurred in his case, but he argues that the possibility is enough to constitute "extortion" under the FDCPA. *Id.* Plaintiff further alleges that Defendant violated the FDCPA by using the state court action "to enforce an obvious fraudulent claim" and by falsely representing the debt. *Id.* at 3. Plaintiff asks the Court to consider Defendant's actions "detrimental to society because innocent people can or have been victims [of] these types of debt collection practice." *Id.*

For relief, Plaintiff seeks compensation from Defendant, including an "additional $5000 to the $1000," for a total of six (6) thousand dollars, due to the alleged extortion in this case. *Id.* at 3-4.

---

[1] In assessing whether a complaint sufficiently states a valid claim for relief, courts may consider materials that are attached to the complaint as exhibits. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (citations omitted); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

Finally, about a month after initiating this case, Plaintiff filed a "Letter of Clarity" with the Court.  ECF No. 4.  Plaintiff states that the purpose of the letter is "to respectfully address any statements, formal or informal, about the plaintiff filing frivolous actions in this court." *Id.* at 1.  Plaintiff informs the Court that he would not disrespect the Court or waste the Court's time and he asks the Court "to allow him to continue this action as legitimate."[2] *Id.*

## Discussion

After careful consideration and liberal construction of the allegations of Plaintiff's FDCPA complaint, the Court will dismiss this action for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).  As discussed in detail below, the FDCPA provides for a private right of action against debt collectors who are attempting to collect the debt of others.  In this case, Defendant AmeriCash Loans LLC was attempting to collect its own debt, in its own name, when it filed suit against Plaintiff in state court.  As such, AmeriCash Loans LLC does not qualify as a "debt collector" under the FDCPA and this case must be dismissed as a result.

The purpose of the FDCPA "is to eliminate abusive debt collection practices by debt collectors, [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 318-19 (8th Cir. 2004) (alteration in original) (quoting 15 U.S.C. § 1692(e)).  To effect this purpose, the FDCPA authorizes private lawsuits and fines.  *See Coyne v. Midland Funding LLC*, 895 F.3d 1035, 1037 (8th Cir. 2018).

Congress passed the FDCPA with the intent to prevent abusive practices including "threats of violence; [] the publishing of 'shame lists'; harassing or anonymous telephone calls;

---

[2] Plaintiff directs the Court to "*Ivy v. CIS (2017)*" in his Letter, but the Court's search of Missouri and federal cases from 2017 involving Plaintiff and containing such a title revealed no results.  The Court presumes that Plaintiff is referencing a case where a court found his filing frivolous and that is why he felt the need to file the Letter.

impersonating a government official or attorney; [] obtaining information under false pretenses; and collecting more than is legally owing." *McIvor v. Credit Control Servs., Inc.*, 773 F.3d 909, 913 (8th Cir. 2014).  However, "[t]he FDCPA imposes civil liability only on debt collectors, as they are defined by the statute." *Volden v. Innovative Fin. Sys., Inc.*, 440 F.3d 947, 950 (8th Cir. 2006); *see also Lester E. Cox Med. Ctr., Springfield, Mo. v. Huntsman*, 408 F.3d 989, 992 (8th Cir. 2005) ("Designation as a debt collector is the starting point for liability under the [FDCPA]"). Pursuant to the FDCPA, a "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).

"Because Congress's focus was on the practices of independent debt collectors, the [FDCPA] excludes from the definition of 'debt collector' any creditor 'collecting his own debts' using his own name, and employees and affiliates 'collecting debts for such creditor.'" *Reygadas v. DNF Assocs., LLC*, 982 F.3d 1119, 1122 (8th Cir. 2020) (citing 15 U.S.C. § 1692a(6)(A), (B), (F)).  That is, a person must "attempt to collect debts owed *another* before [he] can ever qualify as a debt collector." *Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 87 (2017) (emphasis in original).  If a person is not collecting another's debts – that is to say, if the person attempting to collect a debt is merely a creditor – that person is not regulated by the FDCPA. *See Schmitt v. FMA Alliance*, 398 F.3d 995, 998 (8th Cir. 2005) (explaining that a "distinction between creditors and debt collectors is fundamental to the FDCPA, which does not regulate creditors' activities at all").  Thus, a plaintiff cannot maintain an action under the FDCPA unless the person being sued qualifies as a "debt collector" under the statute.  *See Duhart v. LRAA Collections*, 652 F. App'x 483, 484 (8th Cir. 2016) (affirming summary judgment in favor of defendant, because defendant "was attempting to collect its own debt").

In this case, Defendant AmeriCash Loans LLC filed suit against Plaintiff in its own name, to collect its own debt.  The FDCPA defines a creditor as "any person who offers or extends credit creating a debt or to whom a debt is owed." 15 U.S.C. § 1692a(4).  According to documents attached to Plaintiff's complaint, Defendant entered into a loan agreement with Plaintiff as Plaintiff's creditor, and following Plaintiff's default on that loan, Defendant attempted to collect on the debt.  *See* ECF No. 1-3 at 3 (first page of a 'Consumer Loan Agreement' between the parties dated April 13, 2017) & 4 (state court filing in which Plaintiff states that the loan agreement "went in default on June 11, 2017").  As Defendant was attempting to collect its own debt and used its own name to do so, Defendant is a creditor, not a "debt collector," and the FDCPA does not apply.  Plaintiff's complaint fails to state a claim under the FDCPA and must be dismissed.  *See also Duhart*, 652 F. App'x at 484 (affirming dismissal of suit under FDCPA where defendant was a creditor and not debt collector).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED** and the filing fee is waived.  *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint as to defendant AmeriCash Loans LLC because the complaint fails to state a claim upon which relief can be granted.  Plaintiff's claims against defendant AmeriCash Loans LLC are **DISMISSED without prejudice**.  *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 10th day of April, 2024.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**